# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL AYOUB,

    Plaintiff,

CASE NO. 07-CV-13301

v.

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES BINDER

COREY HOWE, LUKE COSENZA,
MICHAEL CHERTOFF, individually and
in his official capacity as Secretary of
Department of Homeland Security,
ANTONIO PUZAI, and JOHN DOE (1-3),

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RECOMMENDING *SUA SPONTE* DISMISSAL PURSUANT TO 28 U.S.C. 1915A(b)(1)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. 1915A(b)(1).[1]

### II.    REPORT

#### A.    Introduction and Facts

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge Denise Page Hood to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 10.) Plaintiff is an inmate in the custody

---

[1] Defendant Cosenza has filed a motion for summary judgment (Dkt. 7) which will be rendered moot if this Report and Recommendation is adopted. In addition, Plaintiff's recent Request for Extension of Time (Dkt. 11) will also be rendered moot if this Report and Recommendation is adopted.

of the Morgantown Federal Correctional Institution in Morgantown, West Virginia. Plaintiff was granted *in forma pauperis* status on October 18, 2007. *See* 28 U.S.C. § 1915(a)(1); (Dkt. 3.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its

supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Since this action involves a federal prisoner and some federal actors, the correct jurisdictional basis for the federal actors is *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006)(en banc). Under *Bivens*, Plaintiff must show that he has suffered as a result of a federal agent's violation of the Constitution. *Id.*

**C.     Background**

On December 9, 2004, Plaintiff was indicted by a grand jury and a warrant for his arrest was executed. (Dkt. 1 and 2, crim. case 04-cr-81013-GCS-VMM, Eastern District of Michigan.) The indictment charged Plaintiff with the unlawful transportation of firearms (Count I) and distribution of marijuana (Count II). Plaintiff, through counsel, filed a motion to suppress illegally obtained evidence and a motion to dismiss based on lack of probable cause (Dkt. 12 and 14 crim.) Both motions were denied. (Dkt. 27 and 21 crim.) Plaintiff was convicted by a jury on November 18, 2005, and judgment was entered on March 9, 2006. (Dkt. 58 and 63 crim.) Plaintiff filed a notice of appeal on March 15, 2006 (Dkt. 64 crim.) and his conviction was affirmed on August 20, 2007. (Dkt. 80 crim.) Consequently, Plaintiff's conviction became final on August 20, 2007.

Plaintiff's appeal challenged his conviction on the grounds that the search of his home and seizure of guns and drugs therein was constitutionally infirm because there was no search warrant and because the person consenting to the search lacked authority to do so. In addition, Plaintiff argued that there was insufficient evidence to convict him, and that evidence of his prior drug usage was improperly admitted. *United States v. Ayoub*, 498 F.3d 532 (6th Cir. 2007).

Plaintiff avers, in the instant complaint, that the search of his home was unconstitutional because there was no search warrant authorizing the search, that Plaintiff never consented to the search, and that no other proper consent was obtained. (Dkt. 1, ¶¶ 28-36.)[2]

**D.     Discussion**

Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Presiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[2]Plaintiff's due process complaints center on the same Fourth Amendment violation, i.e., that his due process rights were violated by the fact that he was never asked to sign the consent form and that the person signing the consent form did not understand English; thus, the due process issue will not be separately addressed. To the extent that Plaintiff complains that he was handcuffed and detained without being given his Miranda rights (Dkt. 1 ¶ 40), I note that Plaintiff did not mention this on direct appeal, likely because his statements were made before he was handcuffed and were not the product of interrogation. Thus, are not subject to any *Miranda* challenge. *Ayoub*, 498 F.3d at 536 ("Ayoub exited his car, removed his shirt, and spun around in circles, proclaiming, 'The weed is mine. Take me to jail. You ruined my life.'")

4

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original).

"While *Heck* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the *Heck* holding applies equally to an action brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998), *accord, Tavarez v. Reno*, 54 F.3d 109, 110 (2nd Cir. 1995)("Given the similarity between suits under § 1983 and *Bivens,* [] *Heck* should apply to *Bivens* actions as well."); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994)(per curiam).

A claim based on unreasonable search and seizure does not always "necessarily imply the invalidity of a conviction" because of doctrines like inevitable discovery and harmless error. *Murray v. United States*, 487 U.S. 533, 539, 108 S. Ct. 2529, 2534, 101 L. Ed. 2d 472 (1988); *Arizona v. Fulminante*, 499 U.S. 279, 307-08, 111 S. Ct. 1246, 1263-64, 113 L. Ed. 2d 302 (1991). However, claims based on unreasonable search and seizure do, at times,"necessarily imply the invalidity of a conviction." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995)("The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit.") Therefore, courts should make an independent determination whether the § 1983 suit would necessarily imply the invalidity of the conviction; if so, the *Heck* bar applies. *Id.*; *accord, Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999), abrogated on other grounds, i.e.,

accrual, *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Gonzalez v. Entress*, 133 F.3d 551, 553-54 (6th Cir. 1998)(discussing *Schilling* and clarifying that "to say that *Heck* 'applies' is not to say that it requires dismissal of a suit seeking damages for the arrest or search, as opposed to damages for wrongful conviction...[because] a search can be unlawful but the conviction entirely proper, or the reverse...")

Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search was unreasonable would "necessarily imply the invalidity of the conviction" and is barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 Fed. Appx. 372, *4, (6th Cir. 2006)(unpublished); *see also, Hamm v. Covington Police Dep't*, No. 07-CV-76-DLB, 2007 WL 130669, *4 (E. D. Ky. May 3, 2007)(*Heck* bar applied where plaintiff challenged illegality of seizure of his person resulting in conviction for trespass); *First Black American President v. Taylor,* No. 4:06-CV-49, 2006 WL 2530400, *1 (W. D. Mich. Aug. 31, 2006)(where plaintiff asserted "a due process claim based upon [defendant's] alleged use of false evidence or information to obtain [plaintiff's] conviction, *Heck* also precludes such a claim."); *Word v. City of Detroit*, No. 05-74501, 2006 WL 1704205, *4 (E.D. Mich. June 16, 2006)(finding nothing in complaint to suggest inevitable discovery exception applies and that "the traffic stop of [plaintiff's] vehicle and subsequent search of his person yielded the gun which ultimately led to his conviction [so] [s]uccess on a claim that either the stop or search was unlawful would directly undermine the validity of plaintiff's felon in possession conviction."); *Francis v. Barlow*, No. 1:05CV-76-R, 2006 WL 1382216, *5 (W. D. Ky. May 16, 2006)("a ruling in Plaintiff's favor that the search of the dwellings and subsequent seizure of items were illegal would necessarily imply the invalidity of his conviction for receipt of stolen property."); *Trostle v. Reilley*, No. 1:06-CV-81, 2006 WL 763184, *4-5 (W. D. Mich. Mar. 24,

2006)(finding claim *Heck*-barred where Plaintiff claimed, in § 1983 action, that officers violated his Fourth and Fifth Amendment rights when arresting him for drunk driving where conviction had not been overturned); *Bell v. Raby*, No. 99-72917, 2000 WL 356354, *6 (E. D. Mich. Feb. 28, 2000)(*Heck* bar applied where "searches challenged by plaintiff directly led to his [] arrest on drug charges, and that his drug conviction in turn rested upon evidence seized during the challenged searches.").

On the other hand, where "plaintiffs had no reason to raise the issues of illegal searches and seizures in the criminal proceedings because the items which the plaintiffs [] claim were illegally seized were never the subject of criminal charges," the § 1983 suit would not imply the invalidity of the conviction and *Heck* would pose no bar to the civil litigation. *Brindley v. Best, II*, 192 F.3d 525, 530 (6th Cir. 1999).

In the instant case, Plaintiff challenges the lawfulness of the search of his home which uncovered the firearms and marijuana that were the subject of the federal indictment and eventual conviction. (Dkt. 1, ¶¶ 28-36.) The search was conducted without a warrant and based on consent. I suggest that it would be impossible to find the search unlawful without undermining the validity of his conviction because the fruits of the search provided the sole evidentiary basis for the conviction. *Fox, Hamm, Word, Francis, and Bell, supra*. In addition, if consent were found to be lacking, there would be no other basis to support the validity of the search or to authorize the admission of the fruits of the search into evidence. Finally, I note that the harmless error doctrine would not apply since the fruits of the consent search provided the foundation for the conviction; thus, admission of the evidence, if in error, could not have been harmless. Therefore, I suggest that *Heck* bars the instant action.

I further suggest that the result would be the same if analyzed under the doctrine of collateral estoppel.[3] "The decision of a federal court is entitled to collateral estoppel effect if the following elements are satisfied: '(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.'" *Smith v. S. E. C.*, 129 F.3d 356, 362 (6th Cir. 1997), quoting *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987).

In the instant case, Plaintiff's appeal challenged his conviction on the grounds that the search of his home and seizure of guns and drugs was constitutionally infirm because conducted without a search warrant and without proper consent. *Ayoub*, 498 F.3d at 537-42. The Sixth Circuit held that the person consenting to the search had apparent authority to consent and thus, that the search was valid and the fruits of the search were properly admitted into evidence at trial. *Id.* at 543. I suggest that the precise issue raised in this § 1983 claim has been fully and fairly litigated and that collateral estoppel applies to preclude the instant action. *Smith, supra; Graham v. City of Cincinnati*, No. 1:06cv565, 2007 WL 2206554, *4 (S. D. Ohio July 30, 2007)(collateral estoppel applied where "the constitutionality of the search was actually and directly litigated in the state court criminal proceedings; and the state court decided the search was proper.")

Accordingly, I recommend that Plaintiff's complaint be *sua sponte* dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

---

[3]When collateral estoppel is raised to potentially bar litigation of an issue decided by a different forum, the court will use the other forum's law to determine the issue of collateral estoppel. *See McAdoo v. Dallas Corp.*, 932 F.2d 522, 524 (6th Cir. 1991). Since the instant Plaintiff was convicted by this forum, federal law applies.

**III. REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                             s/ *Charles E. Binder*
                                                           CHARLES E. BINDER
Dated: December 4, 2007                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Laurie M. Ellerbrake, and on Michael Ayoub by first class mail, and served on U.S. District Judge Hood in the traditional manner.

Date: December 4, 2007         By     s/Patricia T. Morris
                                                   Law Clerk to Magistrate Judge Binder