# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL AYOUB,**

    Plaintiff,

v.

**COREY HOWE, LUKE COSENZA, MICHAEL CHERTOFF, individually and in his official capacity as Secretary of Department of Homeland Security, ANTONIO PUZAI, and JOHN DOE (1-3),**

    Defendants.
_____/

Case No. 07-13301

HONORABLE DENISE PAGE HOOD

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.  Background**

On December 9, 2004, Plaintiff was indicted by a grand jury and a warrant for his arrest was executed. (Dkt. 1 and 2, crim. Case 04-81013, Eastern District of Michigan.) The indictment charged Plaintiff with the unlawful transportation of firearms (Count I) and distribution of marijuana (Count II). Plaintiff, through counsel, filed a motion to suppress illegally obtained evidence and a motion to dismiss based on lack of probable cause. (Dkt. 12 and 14 crim.) Both motions were denied. (Dkt. 27 and 21 crim.) Plaintiff was convicted by a jury on November 18, 2005, and judgment was entered on March 9, 2006. (Dkt. 58 and 63 crim.) Plaintiff filed a notice of appeal on March 15, 2006 (Dkt. 64 crim.) And his conviction was affirmed on August 20, 2007. (Dkt. 80 crim.) Consequently, Plaintiff's conviction became final on August 20, 2007.

Plaintiff's appeal challenged his conviction on the grounds that the search of his home and seizure of guns therein was constitutionally infirm because there was no search warrant and

because the person consenting to the search lacked authority to do so. In addition, Plaintiff argued that there was insufficient evidence to convict him, and that evidence of his prior drug usage was improperly admitted. *United States v. Ayoub*, 498 F.3d 532 (6th Cir. 2007).

Plaintiff avers, in the instant complaint, that the search of his home was unconstitutional because there was no search warrant authorizing the search, that Plaintiff never consented to the search, and that no other proper consent was obtained. (Dkt. 1, §§ 28-36.)

**II. Standard of Review**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

**III. Applicable Law**

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. Of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Since this action involves a federal prisoner and some federal actors, the correct jurisdictional basis for the federal actors is *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Baranski v. Fifteen Unknown Agents*, 452 F. 3d 433, 438 (6th Cir. 2006)(en banc). Under *Bivens*, Plaintiff must show that he has suffered as a result of a federal agent's violation of the Constitution.

When the court screens a complaint where a plaintiff is proceeding without the assistance

2

of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 7`5 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.,* 246 F. 3d 850, 854 (6th Cir. 2001). Despite the relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Federal law provides that the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint" if the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

**IV.     Analysis**

Magistrate Charles Binder recommends that Plaintiff's § 1983 complaint be *sua sponte* dismissed for failure to state a claim as suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes, and not § 1983. (Report and Recommendation, P. 4.) The Magistrate Judge then cites *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), which considered the issue of whether this rule should be

modified where a prisoner does not seek release but instead seeks an award of monetary damages. (Report and Recommendation, P. 4) The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ or habeas corpus." *Id. at 486-87*. This Court agrees with the Magistrate Judge's determination that the "'favorable termination' rule bars § 1983 claims that 'would necessarily imply the invalidity' or a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if 'the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." (Report and Recommendation, p. 5.)

In Plaintiff's Objections to the Report and Recommendation, filed November 14, 2007, Plaintiff asks the court to be more liberal in reading his complaint, as he does not have legal training. (Dkt. No. 14.) As previously indicated, it is true that Plaintiff should be given more latitude than if he represented by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). The Plaintiff, however, must still meet certain requirements at specific stages in the litigation. Namely, a claim for which relief may be granted must be presented to the court.

The Magistrate Judge indicates in his Report and Recommendation, the precise issue in this § 1983 claim, whether or not a person consenting to a search has apparent authority to

4

consent, has been fully and fairly litigated, and collateral estoppel applies to preclude the instant action. *Smith, supra; Graham v. City of Cincinnati,* No. 1:06cv565, 2007 WL 2206554, *4 (S.D. Ohio July 30, 2007)(collateral estoppel applied where "the constitutionality of the search was actually and directly litigated in the state court criminal proceedings; and the state court decided the search was proper.")

Plaintiff also asserts that the Magistrate Judge misconstrued his claim as a habeas claim, and not a § 1983 claim. This Court notes, however, that there is no evidence from the Report and Recommendation indicating that the Magistrate Judge treated the case as a habeas claim, he simply indicates that the writ of habeas corpus would have been a more proper vehicle for bringing Plaintiff's claims.

Accordingly, Plaintiff's complaint is dismissed *sua sponte* for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

**VI.    Conclusion**

The Court adopts the Magistrate Judge's Report and Recommendation.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Charles Binder**, [Docket No. 13, filed on December 4, 2007**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS ORDERED that Defendant's claim be dismissed *sua sponte*, pursuant to 28 U.S.C. § 636 (b).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager